## DUBROCA v. FAVROT.

An order of execution must be in english and french, where the latter is the maternal tongue of the debtor, or it may be enjoined. C. P. 626. The fact that the petition in the action, which was in english only, was not excepted to on that account, is not a waiver of the right to require that the order of execution shall be in both languages.

APPEAL from the District Court of West Baton Rouge, *Burk*, J. *Bennett*, for the plaintiff. *Elam*, for the appellant. The judgment of the court was pronounced by

ROST, J.* The plaintiff, who is a native of Louisiana, and whose maternal tongue is french, has enjoined an order of execution issued against him, on the ground that it is in the english language only, when it should have been in english and french. The seizing creditor filed a motion to dissolve, which, after hearing, was overruled, without prejudice to him to prosecute legally the execution of his judgment. He has appealed.

Averse as we are to sacrifice substantial justice to forms, we are unable to give the appellant relief. Art. 626 of the Code of Practice expressly provides that the order of execution must be in french and english, when the french language is the maternal tongue of the party cast.

It is urged that the petition in the suit was written in the english language only; that the defendant, the present plaintiff in injunction, accepted service of it, and confessed judgment upon it, in that language; and that, as the objection now made was tacitly waived in the pleadings, the plaintiff cannot insist upon it at any subsequent stage of the proceedings. The force of this argument does not strike us. The waiver is good as far as it goes, but the article cited gives the plaintiff a substantive legal right, which we are not at liberty to consider as having been waived by implication.

*Judgment affirmed.*

---

*EUSTIS, C. J. did not sit on the trial of this case, being related to one of the parties.